JAMEEL JAFFER
DEPUTY LEGAL DIRECTOR



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/3/13

**MEMO ENDORSED**

U S DISTRICT COURT SDNY

July 2, 2013

**BY HAND**

Honorable William H. Pauley III
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

Re: *American Civil Liberties Union et al. v. Clapper et al.*
Case No. 13-CV-03994 (WHP) (JLC)

Dear Judge Pauley:

On behalf of Plaintiffs, who challenge the lawfulness of the government's dragnet acquisition of "metadata" relating to every phone call made or received by residents of the United States, we write to request a pre-motion conference to discuss a motion for a preliminary injunction. Because the Court has already scheduled an initial conference in this matter for July 17, we respectfully request that the Court also conduct the pre-motion conference on that date.

By way of background, on June 5, 2013, *The Guardian* published a story reporting that the National Security Agency ("NSA") was "collecting the telephone records of millions of US customers of Verizon, one of America's largest telecoms providers." Glenn Greenwald, *NSA Collecting Phone Records of Millions of Verizon Customers Daily*, Guardian, June 5, 2013, http://gu.com/p/3gc62/tw. *The Guardian* also published an order of the Foreign Intelligence Surveillance Court ("FISC") directing Verizon Business Network Services ("VBNS") to "produce to the [NSA] . . . and continue production on an ongoing daily basis thereafter . . . all call detail records or 'telephony metadata' created by Verizon for communications (i) between the United States and abroad; or (ii) wholly within the United States, including local telephone calls" over the three-month period ending on July 19, 2013.

The government has since authenticated the VBNS order. James R. Clapper, DNI Statement on Recent Unauthorized Disclosures of Classified Information (June 6, 2013), http://1.usa.gov/188X5LW. Senator Diane Feinstein, who chairs the Senate Select Committee on Intelligence, has disclosed that the VBNS order was part of a broader program that has been in

place for seven years, and that similar orders have been served on all of the major telephone companies. *Senator Feinstein: NSA Phone Call Data Collection in Place 'Since 2006,'* Guardian, June 6, 2013, http://bit.ly/13rfxdu.

As alleged in the Complaint, Plaintiffs are current and former VBNS subscribers. The VBNS order requires VBNS to turn over to the government, on an "ongoing daily basis," all metadata associated with Plaintiffs' phone calls. Under the VBNS order and predecessor orders, the government has collected detailed information about Plaintiffs' communications and stored that information in government databases. The government's past and ongoing collection of this information allows it to learn sensitive and privileged information about Plaintiffs' work and clients, and it is likely to have a chilling effect on whistleblowers and others who might otherwise contact Plaintiffs for legal assistance.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

The government's surveillance of Plaintiffs' communications is not authorized by Section 215 of the Patriot Act, 18 U.S.C. § 1861, the provision under which the VBNS order was issued, and it violates the First and Fourth Amendments. Plaintiffs have filed this suit to obtain a declaration that this surveillance is unlawful; to enjoin the government from continuing the surveillance under the VBNS order or any successor thereto; and to require the government to purge from its databases all of the call records related to Plaintiffs' communications collected pursuant to the VBNS order or any predecessor thereto.

Plaintiffs intend to file a motion for a preliminary injunction (i) directing the government to quarantine all of Plaintiffs' telephony metadata collected under the VBNS order or any predecessor or successor thereto; and (ii) barring the government from querying metadata obtained through the VBNS order using any phone number or other identifier associated with the Plaintiffs.

Preliminary relief is warranted here. The harm suffered by Plaintiffs is ongoing and irreparable. Plaintiffs are non-profit organizations engaged in public education, lobbying, and pro bono litigation concerning civil rights and civil liberties. The tracking and retention of their telephony metadata with respect to every call they make or receive is a direct and wide-ranging invasion of their constitutional right to privacy. This continuing invasion is, by itself, irreparable injury. *See, e.g., Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). Equally irreparable, and equally substantial, is the injury to Plaintiffs' expressive and associational rights. *See Brown v. Socialist Workers '74 Campaign Comm. (Ohio)*, 459 U.S. 87, 96–98 (1982); *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Plaintiffs will also show a substantial likelihood of success on the merits. First, the surveillance under the VBNS order is not authorized by Section 215. That provision does not authorize the government to collect everything; it authorizes the collection of records that are "relevant" to authorized investigations. In addition, Section 215 authorizes the collection of "tangible things" already in existence; it does not authorize the government to order recipients to turn over records as they are generated. Indeed, as Plaintiffs will demonstrate, reading the provision to permit the latter kind of surveillance makes nonsense of the larger statutory scheme.

The surveillance under the VBNS order is also unconstitutional. The kind of information being collected by the government is highly sensitive, and its warrantless and suspicionless collection over long periods constitutes an unreasonable search under the Fourth Amendment. *Cf. United States v. Jones*, 132 S. Ct. 945 (2012) (holding that tracking of location data for one individual over twenty-eight days constituted a search under the Fourth Amendment). It also violates the First Amendment by exposing private association to government scrutiny and by substantially burdening Plaintiffs' protected advocacy and expression. *See Gibson v. Fla. Legis. Investigation Comm.* 372 U.S. 539, 546 (1963); *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 460–61 (1958); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 347 (1995).

Finally, the balance of hardships favors Plaintiffs' request for preliminary relief. The preliminary injunction sought by Plaintiffs would substantially mitigate the continuing violation of Plaintiffs' rights. At the same time, entry of the requested injunction would not prejudice any legitimate government interest. Should Plaintiffs not ultimately prevail, the government will be in the same position it would have been in had Plaintiffs' suit never been brought. Pending final judgment, the government can access Plaintiffs' telephony metadata, if necessary, under a proper demonstration of cause under other authorities. *See, e.g.*, 50 U.S.C. § 1842 (authorizing pen registers in foreign intelligence investigations).

|  |  |
|---|---|
| Christopher T. Dunn<br>Arthur N. Eisenberg<br>New York Civil Liberties Union<br>   Foundation<br>125 Broad Street, 19th Floor<br>New York, NY 10004<br>Phone: (212) 607-3300<br>Fax: (212) 607-3318<br>aeisenberg@nyclu.org<br><br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION | Respectfully submitted,<br><br>/s/ Jameel Jaffer<br><br>Jameel Jaffer<br>Alex Abdo<br>Brett Max Kaufman<br>Patrick Toomey<br>Catherine Crump<br>American Civil Liberties Union<br>   Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Phone: (212) 549-2500<br>Fax: (212) 549-2654<br>jjaffer@aclu.org<br><br>*Counsel for Plaintiffs* |

Cc:   Tara Marie La Morte
      (tara.lamorte2@usdoj.gov)

> Application granted. The Court will hold a pre-motion conference in conjunction with the initial pre-trial conference, which has been rescheduled to July 25, 2013 at 12:00 p.m.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
7/3/13

4