# Exhibit 3

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE

LEADING   INTELLIGENCE   INTEGRATION

# DNI Statement on Recent Unauthorized Disclosures of Classified Information

June 6, 2013

**DNI Statement on Recent Unauthorized Disclosures of Classified Information**
The highest priority of the Intelligence Community is to work within the constraints of law to collect, analyze and understand information related to potential threats to our national security.

The unauthorized disclosure of a top secret U.S. court document threatens potentially long-lasting and irreversible harm to our ability to identify and respond to the many threats facing our nation.

The article omits key information regarding how a classified intelligence collection program is used to prevent terrorist attacks and the numerous safeguards that protect privacy and civil liberties.

I believe it is important for the American people to understand the limits of this targeted counterterrorism program and the principles that govern its use. In order to provide a more thorough understanding of the program, I have directed that certain information related to the "business records" provision of the Foreign Intelligence Surveillance Act be declassified and immediately released to the public.

The following important facts explain the purpose and limitations of the program:

- The judicial order that was disclosed in the press is used to support a sensitive intelligence collection operation, on which members of Congress have been fully and repeatedly briefed. The classified program has been authorized by all three branches of the Government.

- Although this program has been properly classified, the leak of one order, without any context, has created a misleading impression of how it operates. Accordingly, we have determined to declassify certain limited information about this program.

- The program does not allow the Government to listen in on anyone's phone calls. The information acquired does not include the content of any communications or the identity of any subscriber. The only type of information acquired under the Court's order is telephony metadata, such as telephone numbers dialed and length of calls.

- The collection is broad in scope because more narrow collection would limit our ability to



OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE

LEADING INTELLIGENCE INTEGRATION

# DNI Statement on Recent Unauthorized Disclosures of Classified Information

screen for and identify terrorism-related communications. Acquiring this information allows us to make connections related to terrorist activities over time. The FISA Court specifically approved this method of collection as lawful, subject to stringent restrictions.

- The information acquired has been part of an overall strategy to protect the nation from terrorist threats to the United States, as it may assist counterterrorism personnel to discover whether known or suspected terrorists have been in contact with other persons who may be engaged in terrorist activities.

- There is a robust legal regime in place governing all activities conducted pursuant to the Foreign Intelligence Surveillance Act, which ensures that those activities comply with the Constitution and laws and appropriately protect privacy and civil liberties. The program at issue here is conducted under authority granted by Congress and is authorized by the Foreign Intelligence Surveillance Court (FISC). By statute, the Court is empowered to determine the legality of the program.

- By order of the FISC, the Government is prohibited from indiscriminately sifting through the telephony metadata acquired under the program. All information that is acquired under this program is subject to strict, court-imposed restrictions on review and handling. The court only allows the data to be queried when there is a reasonable suspicion, based on specific facts, that the particular basis for the query is associated with a foreign terrorist organization. Only specially cleared counterterrorism personnel specifically trained in the Court-approved procedures may even access the records.

- All information that is acquired under this order is subject to strict restrictions on handling and is overseen by the Department of Justice and the FISA Court. Only a very small fraction of the records are ever reviewed because the vast majority of the data is not responsive to any terrorism-related query.

- The Court reviews the program approximately every 90 days. DOJ conducts rigorous oversight of the handling of the data received to ensure the applicable restrictions are followed. In addition, DOJ and ODNI regularly review the program implementation to ensure it continues to comply with the law.

- The Patriot Act was signed into law in October 2001 and included authority to compel production of business records and other tangible things relevant to an authorized national security investigation with the approval of the FISC. This provision has subsequently been reauthorized over the course of two Administrations – in 2006 and in 2011. It has been an important investigative tool that has been used over the course of two Administrations, with

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE

LEADING   INTELLIGENCE   INTEGRATION

# DNI Statement on Recent Unauthorized Disclosures of Classified Information

the authorization and oversight of the FISC and the Congress.

Discussing programs like this publicly will have an impact on the behavior of our adversaries and make it more difficult for us to understand their intentions. Surveillance programs like this one are consistently subject to safeguards that are designed to strike the appropriate balance between national security interests and civil liberties and privacy concerns. I believe it is important to address the misleading impression left by the article and to reassure the American people that the Intelligence Community is committed to respecting the civil liberties and privacy of all American citizens.

James R. Clapper, Director of National Intelligence

###