LEGAL DEPARTMENT



January 7, 2016

**BY ECF**

Honorable William H. Pauley III
United States District Court for the
  Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET,
18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

      Re:    *ACLU v. Clapper*, No. 13-cv-3994 (WHP)
             Status Report

Dear Judge Pauley,

      The parties in the above-referenced case write in response to this Court's order of December 11, 2015 directing the parties to file a joint report addressing the status of this litigation in light of the issuance of the Second Circuit's mandate.

      To review the procedural history briefly: In their Complaint, Plaintiffs asked the Court to enjoin the NSA's call-records program and to require the NSA to purge Plaintiffs' call records collected under the program. Shortly after filing suit, Plaintiffs moved for a preliminary injunction against the continued collection of their records. This Court denied that motion, holding that the NSA's bulk collection of call records was authorized by Section 215. On appeal, the Second Circuit disagreed with this Court's conclusion as to the lawfulness of the call-records program, and it vacated this Court's earlier opinion.[1] It denied Plaintiffs' request for a preliminary injunction, however, observing that Congress had enacted legislation that would end the bulk collection that Plaintiffs complained about.[2] The Second Circuit remanded the case to allow this Court to consider Plaintiffs' entitlement to any further relief.

      The main issue still to be resolved is whether Plaintiffs are entitled to an order requiring expungement of their call records collected under the program. Whether and to what extent Plaintiffs will continue to seek that relief, however,

---

[1] *ACLU v. Clapper*, 785 F.3d 787 (2d Cir. 2015).

[2] *ACLU v. Clapper*, 804 F.3d 617 (2d Cir. 2015).

1

may be affected by proceedings ongoing in the FISC. The FISC recently approved the government's plan to retain for limited purposes certain call records collected under the program. Specifically, it approved (1) the government's retention of bulk call records for limited technical access until February 29, 2016, (2) the government's retention of call records as required by its preservation obligations in civil challenges to the program, and (3) the government's retention of previously disseminated information derived from queries of the call-records database and "select query results generated that formed the basis of such disseminations."[3]

The FISC ordered supplemental briefing, however, that touches on an issue of central importance to Plaintiffs here—namely, whether the government's preservation obligations require it to retain *all* of the records it has collected in bulk, or only a subset of those records. Specifically, the FISC ordered the government to address "whether . . . there might be a basis for seeking to lift the preservation orders [in three other cases in which challenges to the call-records program have been asserted] with respect to the [bulk-collected] Metadata that is not associated with the plaintiffs."[4] The FISC ordered the government to submit a brief addressing that question, among others, by January 8, after which it is anticipated the FISC will issue a further order on the matter.

The parties agree that the FISC's ruling on the government's upcoming filing may affect the necessity and nature of any further proceedings in this case. They therefore respectfully suggest that the Court order the parties to file a further status report within two weeks of the declassification of the FISC's ruling.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET,
18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

| PREET BHARARA<br>United States Attorney for the<br>Southern District of New York<br><br>By:   /s/ David S. Jones<br>     DAVID S. JONES<br>Assistant United States Attorney<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>(212) 637-2739<br>david.jones6@usdoj.gov | Respectfully submitted,<br><br> /s/ Jameel Jaffer<br>Jameel Jaffer<br>Alex Abdo<br>Brett Max Kaufman<br>Patrick Toomey<br>American Civil Liberties Union<br>   Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2500 |

---

[3] *See* Opinion and Order, No. BR 15-99, at 8 (F.I.S.C. Nov. 24, 2015), http://www.fisc.uscourts.gov/sites/default/files/BR%2015-99%20Opinion%20and%20Order.pdf. Plaintiffs note that it has not been publicly disclosed what is meant by the phrase referring to "select query results."

[4] *Id.* at 8 n.3.

2

*Counsel for Defendants*

jjaffer@aclu.org

Christopher T. Dunn
Arthur N. Eisenberg
New York Civil Liberties Union
    Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
aeisenberg@nyclu.org

*Counsel for Plaintiffs*

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
NATIONAL OFFICE
125 BROAD STREET,
18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

**OFFICERS AND DIRECTORS**
*SUSAN N. HERMAN*
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*