**LEGAL DEPARTMENT**



May 4, 2016

**BY ECF**

Honorable William H. Pauley III
United States District Court for
    the Southern District of New
    York
500 Pearl Street, Room 2210
New York, NY 10007

**AMERICAN CIVIL LIBERTIES
UNION FOUNDATION**
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

**OFFICERS AND DIRECTORS**
SUSAN N. HERMAN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

ROBERT B. REMAR
*TREASURER*

>           Re:     **ACLU v. Clapper, No. 13-cv-3994 (WHP)**
>                   **Joint status report**

Dear Judge Pauley,

　　The parties write to provide the Court with an update on the current status of this litigation.

　　On January 7, 2016, the parties filed a joint status report, stating that the main issue remaining in this case since the Second Circuit's remand is whether Plaintiffs are entitled to an order requiring expungement of their call records collected under the NSA's call-records program. The parties noted that the Foreign Intelligence Surveillance Court ("FISC") had approved the government's retention of certain call records collected under the program for certain limited purposes, including as necessary to satisfy the government's preservation obligations in civil challenges to the program. The FISC had ordered supplemental briefing, however, on the question of whether the government's preservation obligations require it to retain *all* of the records it has collected in bulk, or only a subset of those records.

　　Because the briefing ordered by the FISC and any ruling issued on it concerned the central issue remaining in this suit, the parties requested that the Court require a further status report following any action taken by the FISC on the government's supplemental brief. The Court endorsed that request on January 19, 2016.

　　Since that time, the government has filed its supplemental brief in the FISC, and the FISC has now notified the government that it does not intend to take further action regarding the government's retention of call records for the purpose of satisfying its preservation obligations.

Separately, however, the Electronic Frontier Foundation—counsel for the plaintiffs in two of the lawsuits from which the government's preservation obligations arise—has approached the government with a proposal to modify the preservation orders in their suits to allow for the destruction of the NSA's database of records collected under the program. The government is now considering that proposal.

The government's consideration of that proposal may affect the necessity and nature of any further proceedings in this case. For that reason, the parties respectfully request that the Court require a further status report within two weeks of the conclusion of the government's discussions regarding the proposal.

PREET BHARARA
United States Attorney for the
Southern District of New York

**AMERICAN CIVIL LIBERTIES
UNION FOUNDATION**

By:   /s/ David S. Jones
     DAVID S. JONES
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
(212) 637-2739
david.jones6@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

 /s/ Alex Abdo
Alex Abdo
Jameel Jaffer
Brett Max Kaufman
Patrick Toomey
American Civil Liberties Union
   Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jjaffer@aclu.org

Christopher T. Dunn
Arthur N. Eisenberg
New York Civil Liberties Union
   Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
aeisenberg@nyclu.org

*Counsel for Plaintiffs*