UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION FOUNDATION; NEW YORK CIVIL LIBERTIES UNION; and NEW YORK CIVIL LIBERTIES UNION FOUNDATION,

Plaintiffs,

v.

DAN COATS, in his official capacity as Director of National Intelligence; General PAUL M. NAKASONE, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; General JAMES N. MATTIS, in his official capacity as Secretary of Defense; JEFFERSON B. SESSIONS, III, in his official capacity as Attorney General of the United States; and CHRISTOPHER WRAY, in his official capacity as Director of the Federal Bureau of Investigation,[1]

Defendants.

13 Civ. 3994 (WHP)

ECF Case

## STIPULATION OF VOLUNTARY DISMISSAL

WHEREAS, on June 11, 2013, Plaintiffs filed suit challenging the legality of National Security Agency ("NSA") bulk collection of call-detail records, containing telephony metadata, conducted pursuant to Section 215 of the USA PATRIOT Act, Pub. L. No. 107-56, 115 Stat. 272 ("Section 215");

WHEREAS, Plaintiffs sought relief in the form of (i) a declaration that the NSA's bulk collection of telephony metadata violated Section 215, the Administrative Procedure Act (5 U.S.C. § 706), and their rights under the First and Fourth Amendments to the Constitution, (ii) a permanent injunction prohibiting Defendants from continuing the bulk collection of

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Defendants Coats, Nakasone, Mattis, Sessions, and Wray are automatically substituted as defendants sued in their official capacities in lieu of, respectively, Defendants Clapper, Alexander, Hagel, Holder, and Mueller.

telephony metadata under Section 215, (iii) an order requiring Defendants to purge from their possession all call-detail records containing telephony metadata relating to Plaintiffs' telephone calls, if any, collected pursuant to Section 215, and (iv) an award of fees and costs pursuant to 28 U.S.C. § 2412;

WHEREAS, on November 28, 2015, the NSA terminated its bulk collection of telephony metadata under Section 215, as required by the USA FREEDOM Act;

WHEREAS, the parties are in agreement that the remaining bulk telephony metadata collected by the NSA pursuant to Section 215 should be destroyed, although they disagree regarding the NSA's continued retention of the results of analytic queries of the data ("query results") that, in Defendants' view, form the basis of disseminated intelligence reports; and

WHEREAS, the parties recognize that other civil actions remain pending in which the legality of the NSA's bulk collection of telephony metadata under Section 215 has been challenged, and that the Defendants are required by preservation orders and (arguably) common-law preservation obligations in these actions to retain the remaining bulk telephony metadata collected by the NSA under Section 215, pending the resolution of these cases;[2]

WHEREAS nothing in this stipulation shall be construed to narrow or expand Defendants' preservation obligations in any other proceeding, whether civil, criminal, or otherwise;

---

[2] The civil actions referred to above are *Jewel v. NSA*, No. 4:08-cv-4373-JSW (N.D. Cal.); *Shubert v. Trump*, No. 4:07-cv-00693-JSW (N.D. Cal.); *First Unitarian Church of Los Angeles v. NSA*, No. 4:13-03287-JSW (N.D. Cal.); *Smith v. Trump*, No. 2:13-cv-00257-BLW (D. Idaho); *Klayman v. Trump*, No. 1:13-cv-00851-RJL (D.D.C.) ("*Klayman I*"); *Klayman v. Trump*, No. 1:13-cv-00881-RJL (D.D.C.) ("*Klayman II*"); *Klayman v. Trump*, No. 1:14-cv-00092-RJL (D.D.C.) ("*Klayman III*"); *Paul v. Trump*, No. 1:14-cv-00262-RJL (D.D.C.); *Perez v. Trump*, No. 3:14-cv-00050 (W.D. Tex.); and *Montgomery v. Comey*, No. 1:17-cv-1074-RJL (D.D.C.). Additionally, in the 9/11 Military Commissions case, the defense has filed a motion to compel that seeks information related to, among other things, Section 215. AE 284(WBA), filed March 31, 2014. The Government has asked the Military Commission to deny that motion. The matter was orally argued in March 2017 and is with the Military Commission for decision.

IT IS HEREBY STIPULATED AND AGREED by and between the parties, pursuant to Federal Rule of Civil Procedure 41(a), as follows:

1. That this action is DISMISSED, in its entirety.

2. That, in particular, Plaintiffs' claims for a declaration and order prospectively enjoining the Defendants from collecting telephony metadata in bulk under Section 215, *see* Compl. at 10, ECF No. 1, are dismissed with prejudice as moot;

3. That, in particular, Plaintiffs' claims for a declaration and order retroactively requiring Defendants to purge from their possession all call-detail records containing telephony metadata relating to Plaintiffs' communications, if any, obtained by the NSA pursuant to bulk collection under Section 215, including query results, if any, containing information pertaining to Plaintiffs' communications, *see* Compl. at 10, ECF No. 1, are dismissed without prejudice;

4. That Defendants are no longer required to preserve for purposes of this case either the remaining telephony metadata collected by the NSA in bulk pursuant to Section 215, or query results;

5. That Defendants will promptly notify Plaintiffs once Defendants' legal obligations to preserve the remaining bulk telephony metadata collected by the NSA under Section 215 for purposes of the aforementioned civil actions and other proceedings have been lifted, or otherwise resolved;

6. That Defendants will promptly certify to Plaintiffs, after their preservation obligations have been lifted, or otherwise resolved, whether they have destroyed the remaining bulk telephony metadata collected pursuant to Section 215 in accordance with the November 24, 2015 Opinion and Order of the Foreign Intelligence Surveillance Court in Dkt. No. BR 15-99; and

7. That this Stipulation of Voluntary Dismissal is without prejudice to Plaintiffs seeking attorneys' fees and costs pursuant to 28 U.S.C. § 2412, or to Defendants opposing any request by Plaintiffs for an award of such fees and costs.

IT IS SO STIPULATED.

Dated: New York, New York  
May 14, 2018

AMERICAN CIVIL LIBERTIES  
UNION FOUNDATION

By: _____  
PATRICK TOOMEY  
BRETT MAX KAUFMAN  
125 Broad Street, 18th Floor  
New York, New York 10004  
Telephone: (212) 549-2500  
Email: ptoomey@aclu.org  
*Attorney for Plaintiffs*

New York, New York  
May 14, 2018

GEOFFREY S. BERMAN  
United States Attorney for the  
Southern District of New York

By: _____  
DAVID S. JONES  
Assistant United States Attorney  
86 Chambers Street, Third Floor  
New York, New York 10007  
Telephone: (212) 637-2739  
Email: david.jones6@usdoj.gov  
*Attorney for Defendants*

WHEREFORE, it is hereby ORDERED this ____ day of _____, 2018, that this case is DISMISSED.

_____  
HON. WILLIAM H. PAULEY III  
UNITED STATES DISTRICT JUDGE